UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALBERTO RODRIGUEZ MACEDO,

Petitioner,

v.

Raul MALDONADO JR., Warden, Metropolitan Detention Center; Judith ALMODOVAR, New York Field Office Director for U.S. Immigration and Customs Enforcement; Todd BLANCHE, Attorney General of the United States; Markwayne MULLIN, Secretary of Homeland Security; and David VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement,

Respondents.

**TEMPORARY RESTRAINING ORDER**
26-CV-04443 (NRM)

---

NINA R. MORRISON, United States District Judge:

Petitioner Alberto Rodriguez Macedo is a 48-year-old citizen of Mexico who has lived in the United States for thirty years. On July 8, 2026, Petitioner was standing by a bus stop in Brooklyn along with other men of Hispanic origin, when he was approached by agents from by Immigration and Customs Enforcement ("ICE") and asked to produce identification. ICE agents then arrested Petitioner and took him to 26 Federal Plaza. On July 15, 2026, Petitioner was transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York, where he is presently detained.

On July 22, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1, alleging that his detention violates his constitutional and statutory rights, and seeking entry of an order directing his immediate release from

1

detention.

The case was assigned to the undersigned on July 23, 2026, at which time the Court issued an Order, ECF No. 3, directing Respondents to file, by 2:00PM on July 24, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from this Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), *amended on reconsideration in part*, No. 26-CV-00872 (NRM), 2026 WL 861152 (E.D.N.Y. Mar. 30, 2026). The Court further directed that, if Respondents asserted no basis to distinguish this Petition from *H.A.C.F.*, the submission could take the form of a letter so stating, and indicating whether Respondents oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal. Finally, the Court's July 23, 2026 Order directed Respondents, in the event they took the position that this case is distinguishable from *H.A.C.F.*, to respond to the Petition and to show cause as to why it should not be granted on or before July 27, 2026 at 5:00PM; to further affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to those claims; and to attach all exhibits related to those three facts.

Respondents filed their initial submission on July 24, 2026, indicating that Petitioner was initially detained by ICE pursuant to § 1226(a), and that "ICE conducted an initial custody determination later that day." Resp't Ltr. at 2, ECF No.

2

6.[1] Respondents thus concede that this case is not distinguishable from this Court's reasoning in *H.A.C.F.*, which required an individualized custody determination prior to arrest.[2] Resp't Ltr. at 2. Respondents also attached to their submission a number of documents, including a Notice to Appear, a Form I-200 Warrant for Arrest, and various documents regarding Petitioner's detention decision.

Upon review of the Petition as well as Respondents' submissions conceding that this case is not distinguishable from this Court's prior decision in *H.A.C.F.*, the Court finds that Petitioner has sufficiently demonstrated that he is likely to succeed on the merits of his claim that his detention was unlawful, and that he would suffer irreparable harm if temporary relief was not granted. For those reasons and the reasons that follow, the Court hereby issues a **TEMPORARY RESTRAINING ORDER** directing Respondents to release Petitioner from custody and enjoining Respondents from re-detaining Petitioner while the terms of this Order otherwise remain in effect and the Court considers the merits of the underlying Petition.

Under Second Circuit law, a temporary restraining order is appropriate when a party can demonstrate: "(1) irreparable harm in the absence of an injunction pending resolution of the action; (2) either a likelihood of success on the merits OR both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that the emergency relief is in the public interest." *Iza v.*

---

[1] Unless otherwise indicated, all page references use the pagination generated by the Electronic Case Filing System.

[2] Respondents note that they "respectfully disagree with the holding in *H.A.C.F.* and reserve their righ tot appeal on that basis." Resp't Ltr. at 2.

*Larocco*, No. 25-CV-6915 (NJC), 2025 WL 3712274, at *3 (E.D.N.Y. Dec. 22, 2025) (citing *Nat'l Am. Soccer League, LLC v. U.S. Soccer Fed'n*, 883 F.3d 32, 37 (2d Cir. 2018)). "The movant must also show that the balance of equities supports the issuance of an injunction [or temporary restraining order]." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 280 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021); *see also Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 416 F. Supp. 3d 249, 251 (E.D.N.Y. 2019) ("The standards for a preliminary injunction and temporary restraining order are identical."). "When the government is a party to the suit, [a court's] inquiries into the public interest and the balance of the equities merge." *We The Patriots USA*, 17 F.4th at 295 (citing *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 58–59 (2d Cir. 2020)).

The Court here finds that Petitioner is likely to succeed on the merits of Petitioner's claim that his detention violated his constitutional and statutory rights. Respondents assert that Petitioner was detained under 8 U.S.C. § 1226(a). As this Court and many others have held, § 1226(a)'s implementing regulations require "an individualized determination as to whether the detention of a noncitizen is appropriate" *prior* to detention. *H.A.C.F.*, 2026 WL 861152, at *2 (quoting *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 491 (E.D.N.Y. 2025)); *see, e.g.*, *Grance v. Maldonado*, No. 26-CV-3346 (AMD), 2026 WL 1815931, at *4 (E.D.N.Y. June 24, 2026); *E.A.C.F. v. Areta*, No. 26-CV-03047 (MMG), 2026 WL 1213414, at *3 (S.D.N.Y. May 4, 2026); *Goorakanis v. Lyons*, No. 29-CV-9456 (DEH), 2025 WL 362896, at *11 (S.D.N.Y. Dec. 15, 2025); *Gopie v. Lyons*, No. 25-CV-05229 (SJB), 2025 WL 3167130, at *3 (E.D.N.Y.

4

Nov. 13, 2025).  Respondents concede that here, a custody determination was made only after Petitioner had already been arrested.  *See* Resp't Ltr. at 2.

Accordingly, the Court finds that Petitioner has sufficiently shown a likelihood of success in establishing that his detention violates his constitutional and statutory rights, because Petitioner has resided in the United States for thirty years and was entitled to an individualized, pre-detention bond determination under the Immigration and Nationality Act, 8 U.S.C. § 1226(a).

The Court further finds a strong likelihood of irreparable harm if Petitioner is not released from his current detention.  "There is no question that detention causes irreparable harm: indeed, every minute that someone is unlawfully denied freedom results in an injury that really can never be remedied."  *Iza*, 2025 WL 3712274, at *8 (quoting *Alvarez Ortiz v. Freden*, 808 F. Supp. 3d 579, 595–96 (W.D.N.Y. 2025)). Additionally, Petitioner asserts that his detention violates his constitutional rights. Pet. at 15–21.  The constitutional aspect of his claims increases the likelihood that he faces irreparable harm if not released from his current detention.  *See Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) (holding that a district court's finding that a plaintiff is "substantially likely to demonstrate a violation" of constitutional rights "serve[s] as an independent basis for the [] conclusion that the plaintiff would suffer irreparable harm in the absence of preliminary injunctive relief").

Finally, the Court has weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which sets forth the test that courts in the Second Circuit will apply when determining "the adequacy of process in the context of civil immigration

confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025).  Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in favor of Petitioner's immediate release from detention.  In weighing these interests, the Court notes that Petitioner is a single father of four daughters, two of whom are minors; has lived in the United States for thirty years; and suffers from type 2 diabetes, for which he requires daily monitoring and medication.  The Court likewise finds that the public interest weighs in favor of this Temporary Restraining Order.  *See We The Patriots*, 17 F.4th at 295; *Iza*, 2025 WL 3712274, at *8 ("Freedom from unlawful detention is undoubtedly within the public's interest.").

It is hereby:

**ORDERED**, that Respondents must release Petitioner from custody no later than **10:00AM on July 25, 2026**. Respondents, through counsel, shall file a letter on the docket no later than **1:00PM on July 25, 2026**, confirming that Petitioner has been released from custody, and shall send a courtesy copy of that letter by electronic mail to morrison_chambers@nyed.uscourts.gov and to Petitioner's counsel at the email address listed in the Petition.

Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court, while the terms of this Order otherwise remain in effect

and the Court considers the merits of the underlying Petition.

Further, the Court **vacates** the portion of its July 23, 2026 Order to Show Cause directing Respondents to show cause in writing by July 27, 2026. Instead, in light of this Temporary Restraining Order, the parties shall make submissions in accordance with the following: Respondents **shall show cause in writing no later than 5:00PM on July 30, 2026**, as to (1) why the Court should not issue a preliminary injunction enjoining Respondents from re-detaining Petitioner during the pendency of this Court's consideration of the Petition and (2) why the Petition for a writ of habeas corpus should not be granted. **Petitioner may file a reply on or before 5:00PM on August 6, 2026**.

The parties are also free to confer and propose an alternative briefing schedule that affords them further time to prepare and file their respective submissions on the merits, provided that the parties jointly consent to an extension of the temporary relief granted in this Order pending further proceedings, with whatever conditions they agree may be reasonable and necessary to ensure Petitioner's return to court.

As an alternative to the above, Respondents may instead file a letter on the docket on or before **July 30, 2026**, indicating that they no longer seek to contest the relief sought in the writ and agree not to re-detain Petitioner absent compliance with § 1226(a), unless they obtain prior leave of this Court to do so, while still preserving their right to appeal or to seek a modification of this order in the event there is an intervening change in law or a material change in factual circumstances.

The foregoing **Temporary Restraining Order** shall expire on **August 7,**

7

**2026 at 2:30PM** unless it is extended by further Order of this Court for good cause shown or otherwise.  *See* Fed. R. Civ. P. 65(b)(2).

SO ORDERED.

/s/ *Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:         July 24, 2026 at 3:00PM
               Brooklyn, New York

8