UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALBERTO RODRIGUEZ MACEDO,

              Petitioner,

     v.

Raul MALDONADO JR., Warden, Metropolitan Detention Center; Judith ALMODOVAR, New York Field Office Director for U.S. Immigration and Customs Enforcement; Todd BLANCHE, Attorney General of the United States; Markwayne MULLIN, Secretary of Homeland Security; and David VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement,

              Respondents.

ORDER GRANTING PETITION
26-CV-04443 (NRM)

NINA R. MORRISON, United States District Judge:

Petitioner Alberto Rodriguez Macedo is a 48-year-old citizen of Mexico who has lived in the United States for thirty years. On July 8, 2026, Petitioner was standing by a bus stop in Brooklyn along with other men of Hispanic origin, when he was approached by agents from by Immigration and Customs Enforcement ("ICE") and asked to produce identification. ICE agents then arrested Petitioner and took him to 26 Federal Plaza. On July 15, 2026, Petitioner was transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York. On July 22, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1.

The case was assigned to the undersigned on July 23, 2026, at which time the Court issued an Order, ECF No. 3, directing Respondents to file, by 2:00PM on July

1

24, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from this Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), *amended on reconsideration in part*, No. 26-CV-00872 (NRM), 2026 WL 861152 (E.D.N.Y. Mar. 30, 2026).

Respondents filed their initial submission on July 24, 2026, indicating that Petitioner was initially detained by ICE pursuant to § 1226(a), and that "ICE conducted an initial custody determination later that day." Resp't Ltr. at 2, ECF No. 6.[1] Respondents also conceded that this case is not distinguishable from this Court's reasoning in *H.A.C.F.*, which required an individualized custody determination prior to arrest. Resp't Ltr. at 2. The Court therefore issued a Temporary Restraining Order ("TRO") directing Respondents to immediately release Petitioner from custody. *See Rodriguez Macedo v. Maldonado*, No. 26-CV-04443 (NRM), 2026 WL 2137984 (E.D.N.Y. July 24, 2026). That Order also directed Respondents to show cause by July 30, 2026 why the Court should not grant the Petition.

On July 30, 2026, Respondents filed a letter again conceding that ICE failed to conduct an individualized custody determination prior to arresting Petitioner, and that "[w]hile disagreeing with the ruling in *H.A.C.F.*, the Respondents respect that

---

[1] Unless otherwise indicated, all page references use the pagination generated by the Electronic Case Filing System.

ruling and understand that it would control the result in this case." Resp't Second Ltr. at 2, ECF No. 11.

Therefore, in light of the record, the applicable law, and Respondents' representation that that this case is controlled by this Court's reasoning in *H.A.C.F.*, the Petition is granted. In so doing, the Court incorporates by reference its findings and analysis in its July 24, 2026 TRO order. *See Rodriguez Macedo*, 2026 WL 2137984, at \*2–3.

Accordingly, it is hereby:

**ORDERED**, that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is GRANTED.

**IT IS FURTHER ORDERED** that Respondents are ENJOINED from re-detaining Petitioner absent compliance with the appropriate regulatory provisions, unless they obtain prior authorization of this Court to do so.

**SO ORDERED**.

/s/ *Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:    August 6, 2026
            Brooklyn, New York

3